FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:10CV1799 t 23 EAJ

2010 AUG 20 AM 11: 49

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

DANIEL & GRETA STANISALWEK,

Plaintiff,

v.

AMERICAN EXPRESS BANK, FSB,
HENSCHEL & BEINHAKER, P.A., and
DREW BEINHAKER,

Defendants.

_____/

### DEFENDANTS' MOTION TO QUASH SERVICE
### FOR IMPROPER SERVICE OF PROCESS

COMES NOW Defendants, AMERICAN EXPRESS BANK, FSB, HENSCHEL & BEINHAKER, P.A., and DREW BEINHAKER, by and through the undersigned counsel, hereby files this Motion to Quash Service For Improper Service of Process pursuant to F.R.C.P. 12(b)5, and in support thereof states as follows:

### Introduction

This matter comes before the Court as a result of a Complaint file by the *Pro Se* Plaintiff, DANIEL & GRETA STANISLAWEK, ("STANISLAWEK").

An explanation of the conflict between the parties is clearly in order, as STANISLAWEK'S Complaint (which cites various provisions of FDCPA and FCRA) can charitably be described as opaque. Plaintiff, DANIEL STANISLAWEK, together with ACTION TIME USA, INC., opened a credit card account with Defendant, AMERICAN EXPRESS BANK, FSB, and used the card to charge various items to the account for which payment was never made. Defendant, AMERICAN EXPRESS BANK,

FSB, retained HENSCHEL & BEIHAKER, P.A. to file a law suit in the Circuit Court for Pinellas County, Florida, (Case No.: 09-022555-CI), and obtained a Final Judgment against Plaintiff, DANIEL STANISLAWEK, in the amount of $22,368.25 on July 12, 2010. Plaintiff, DANIEL STANISLAWEK has not made any payments towards satisfaction of the Final Judgment in favor of Defendant, ANERICAN EXPRESS BANK, FSB. Sensing that AMERICAN EXPRESS BANK, FSB expects to be paid and may seek to execute on the Judgment, STANISLAWEK appears to have launched a preemptive strike by filing what can loosely be described as a Complaint against AMERICAN EXPRESS BANK, FSB, HENSCHEL & BEINHAKER, P.A., and DREW BEINHAKER. Defendants are tempted to address the merits of STANISLAWEK'S Complaint, but opts at this point to file this Motion to Quash Service for Improper Service of Process.

### Pro Se Plaintiff's Attempted Service

Plaintiff attempted to serve all three Defendants by First Class U.S. Mail.

### Appropriate Legal Standard

While there is no provision for motions to quash contained within F.R.C.P. 12, "courts may quash service of process rather than dismissing the complaint [pursuant to that rule]." *Hollander v. Wolf*, 2009 WL 3336012 (S.D. Fla. 2009). "Motions to quash filed pursuant to Rule 12(b)(5) challenge the sufficiency of service. The procedural requirements for proper service of process are set forth in Federal Rule of Civil Procedure 4 . . ." *Id.* F.R.C.P. 4(h) describes acceptable methods of serving a corporation. It states:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated

association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

## The *Pro Se* Complaint was Served Improperly

Defendants now address each potential method of service which STANISLAWEK could have used. F.R.C.P. 4(h)(1)(A) provides that a Defendant may be served pursuant to the manner prescribed in Rule 4(e)(1). That rule provides that service may be effectuated "pursuant to the laws of the state in which the district court is located." That would be Florida. Florida allows service of process on corporations pursuant to Fla. Stat. §48.081. That statute provides:

(1) Process against any private corporation, domestic or foreign, may be served:

(a) On the president or vice president, or other head of the corporation;

(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

(3) (a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.

(b) If the address provided for the registered agent, officer, director, or principal place of business is a residence or private mailbox, service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031.

As service was mailed via First Class U.S. Mail, it was clearly not served upon any of the parties listed in 48.081(1) or (2), or (3) which contemplate personal service on individuals, agents, or employees within the state of Florida. As such, STANISLAWEK did not serve the Complaint properly under F.R.C.P. 4(e)(1), and by extension (4)(h)(1)(A).

Turning now to F.R.C.P. 4(h)(1)(B), an alternative method of process on a corporation under the Federal Rules of Civil Procedure, STANISLAWEK might have attempted service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-- if the agent is one authorized by statute and the

statute so requires--by also mailing a copy of each to the defendant..." STANISLAWEK did not do so, as the only method of service attempted was First Class U.S. Mail. As such, their service was improper under that section as well.

Turning now to F.R.C.P. 4(h)(2), Defendants simply note that it applies only to "a place not within any judicial district of the United States." Florida is clearly within a judicial district of the United States, so that section is clearly inapplicable. As a result, STANISLAWEK failed to properly serve the Defendants under the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, AMERICAN EXPRESS BANK, FSB, HENSCHEL & BEINHAKER, P.A., and DREW BEINHAKER, respectfully request this Honorable Court enter an Order Quashing *Pro Se* Plaintiff, STANISLAWEK'S Service of Process, and for all other such relief that this Court finds just and equitable under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by U.S. Mail to: DANIEL & GRETA STANISLAWEK, 501 MANDALAY AVENUE APT 309, CLEARWATER, FL 33767, and to the Clerk of Court this 17 day of August, 2010.

HENSCHEL &
BEINHAKER, P.A.
4060 Sheridan Street, Ste. C
Hollywood, Florida 33021
(954) 964-4780

By: _____
DREW BEINHAKER, ESQ.
FBN: 0163538